Prob12B
D/NV Form
Rev. July 2013

# United States District Court

for

the District of Nevada

**REQUEST FOR MODIFICATION
TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**January 21, 2014**

**Name of Offender:**   **RIDGE DAWSON**

Case Number:   **2:92-cr-166-LDG**

Name of Sentencing Judicial Officer:   Honorable Lloyd D. George

Date of Original Sentence:   November 15, 1993

Original Offense:   Unlawful Possession of a Firearm by a Felon and Possession of a Controlled Substance

Original Sentence:   240 months imprisonment followed by 5 years of supervised release

Date Supervision Commenced:   August 20, 2013

## PETITIONING THE COURT

☐ To extend the term of supervision _____ Months, for a total term of _____ Months.

✓ To modify the conditions of supervision as follows:

1. **Community Service** - **You shall complete 40 hours of community service, as approved and directed by the probation officer.**

## CAUSE

On February 18, 2014, Dawson tested positive for the use of morphine. Dawson denied using any illegal drugs, stating it was his diabetes medication that might have caused the positive results. Dawson's current medications would not cause a positive for morphine. It is surmised the morphine was the result of heroin use, as Dawson has a documented history of heroin use. Dawson could not provide a reason for his drug use.

# RE: RIDGE DAWSON

On March 1, 2014, at approximately 1235 hours, Sgt. K. Nogle from the Las Vegas Metropolitan Police Department (LVMPD) observed Dawson pull to the side of the road where a passenger exited the vehicle. The officer noted that the passenger appeared to be a user/addict of illegal narcotics due to the fact his teeth were decaying, he appeared to be malnutrition and his clothes were unkempt.

According to the report, Dawson observed the officers patrol vehicle and he accelerated quickly changing direction of travel. Dawson accelerated his vehicle well above the posted speed limit (25 mph) as the officer was traveling 35 mph and he was still pulling away from his vehicle. The officer activated his lights and sirens and pulled over Dawson for speeding.

When questioned as to why he was driving so fast and basically in a circle, Dawson claimed to be sightseeing. When the officer suggested to Dawson that he probably would not be able to see much at the rate of speed he was going, he agreed. Dawson could not/refused to explain why he was in the area. The officer informed Dawson that he believed he may have been driving the way depicted above due to the fact he had illegal items in his vehicle. The officer further advised Dawson that he believed he likely threw those illegal items out of his vehicle before he caught up to him. Dawson denied possessing or throwing any illegal items out of his vehicle, but acknowledged the fact he had reason to suspect him of doing so.

Dawson gave the officer verbal consent to search his vehicle. Officers conducted a search of Dawson's vehicle, but found no illegal/dangerous items. Dawson was cited for speeding and released.

After releasing Dawson, the officer drove back down all of the streets Dawson was speeding on. The officer observed a plastic bag on the side of the road (near the gutter). The officer exited his patrol vehicle and recovered the bag. The bag contained a white rock like substance, thirteen tin foil balls containing an unknown substance and 2 paper bundles containing an unknown substance. The officer noted that based on his training and experience, he believed the white rock- like substance to be crack cocaine and the substance in the tin foil to be heroin. As previously noted, Dawson recently submitted a positive drug test for morphine, which is a metabolite of heroin. The white rock like substance was individually packaged for sales. The officer impounded the bag and its contents as evidence. Due to the fact that the officer did not see Dawson throw the bag from his vehicle, the officer submitted a lab request for fingerprints, DNA and an analysis of the suspected illegal narcotics.

It should be noted the bag was not opened and no items or packing inside the bag were touch by officers due to the pending laboratory tests. The investigation remains ongoing by LVMPD pending the lab results.

The offender's violation conduct has been addressed with the offender and he has been verbally admonished as a remedial response. It was agreed by both the undersigned and Dawson that a sanction was necessary to deter him from any future violations. Dawson agreed to modify his conditions to include 40 hours of community service, as approved and directed by the probation officer. Enclosed is a Waiver signed by Dawson agreeing to this modification. Additionally, Dawson's drug testing has been increased and he has been returned to substance abuse counseling. Once LVMPD has concluded their investigation, and it has

been determined the recovered illicit substance belonged to Dawson, we will immediately notify the Court with a request to initiate revocation proceedings.

Respectfully submitted,

JOE NILO
United States Probation Officer

APPROVED: TODD J. FREDLUND, Supervising
United States Probation Officer

**THE COURT ORDERS:**

_____ No action

_____ The extension of supervision as noted above

\_\_xx\_\_ The modification of conditions as noted above

_____ Other

Signature of Judicial Officer

10 March 2014
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

**District of Nevada**

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. **Community Service** - You shall complete 40 hours of community service, as approved and directed by the probation officer.

Witness: _____ (U.S. Probation Officer)

Signed: _____ (Probationer or Supervised Releasee)

March 3, 2014
Date